CARSON SWOPE (State Bar No. 353352)
Carson.Swope@winstontaylor.com
**WINSTON TAYLOR LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

Attorney for Petitioner Sandoz Canada Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re* Application of Sandoz Canada Inc. for Subpoena to Internet Archive<br><br>Sandoz Canada Inc.,<br><br>Petitioner,<br><br>v.<br><br>Internet Archive<br><br>Respondent. | **Case No. 3:26-mc-80214**<br><br>**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. Sandoz Is a Leading Pharmaceutical Company in a Fiercely Competitive Market. ..... 2

B. Aragon and Janssen Filed the Canadian Litigation Alleging Infringement of the ’415 Patent. ..... 2

C. Sandoz Requires Evidence from the Internet Archive to Support Its Invalidity Defense. ..... 3

III. ARGUMENT ..... 4

A. Sandoz’s Application Fulfills the Three Statutory Requirements of Section 1782. ..... 4

B. Sandoz’s Requested Evidence Satisfies Section 1782’s Discretionary Factors. ..... 5

1. Internet Archive is not a participant in the Canadian Litigation. ..... 6

2. The Canadian court would accept the evidence Sandoz seeks from Internet Archive. ..... 6

3. Sandoz does not seek to circumvent Canadian proof-gathering restrictions or public policy. ..... 7

4. Sandoz’s proposed subpoena is not unduly burdensome. ..... 9

5. The principles underlying Section 1782 weigh in favor of granting Sandoz’s Application. ..... 10

C. The Application Should Be Granted *Ex Parte*. ..... 10

IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 840 140th Ave.*,
634 F.3d 557 (9th Cir. 2011) ....................7, 9

*Advanced Micro Devices, Inc. v. Intel Corp.*,
292 F.3d 664 (9th Cir. 2002), *aff'd*, 542 U.S. 241 (2004) .................... *passim*

*In re Al-Baldawi*,
No. 5:22-mc-80329-EJD, 2023 WL 3603731 (N.D. Cal. May 23, 2023) ....................1, 6

*In re Ex Parte Application of Qualcomm Inc.*,
162 F. Supp. 3d 1029 (N.D. Cal. 2016) ....................4

*In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*,
Misc. Action No. 16-80193-DMR, 2016 WL 6804600 (N.D. Cal. Nov. 17, 2016)....................4

*Aragon Pharms., Inc. v. Sandoz Can. Inc.*,
Court File No. T-9-25 (Can. Fed. Ct.) (filed Jan. 2, 2025) ....................1

*In re Beldi*,
No. 24-MC-00421, 2025 WL 4954355 (S.D.N.Y. Oct. 22, 2025) ....................8

*In re Consultants*,
No. 16-mc-80118-JSC, 2016 WL 3124609 (N.D. Cal. June 3, 2016)....................1, 7

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
No. 08-05124, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009)....................4, 10

*In re Futurecorp Int'l Pty Ltd.*,
No. 12-80267, 2012 WL 5818288 (N.D. Cal. Nov. 15, 2012) ....................10

*In re H.M.B. Ltd.*,
No. 17-21459, 2018 WL 4778459 (S.D. Fla. July 2, 2018)....................7

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
No. 19-MC-80277-TSH, 2020 WL 906719 (N.D. Cal. Feb. 25, 2020)....................1

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
No. 19-MC-80215-WHO(TSH), 2020 WL 820327 (N.D. Cal. Feb. 19, 2020) ....................8

*In re ex parte Lee-Shim*,
No. 5:13-MC-80199-LHK-PSG, 2013 WL 5568713 (N.D. Cal. Oct. 9, 2013) ....................7

*In re Societe d'Etude de Realisation et d'Exploitation pour le Traitement du Mais*,
No. 13-80261, 2013 WL 6141655 (N.D. Cal. Nov. 21, 2013) ....................10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) ........ *passim*

*Khrapunov v. Prosyankin*,
931 F.3d 922 (9th Cir. 2019) ........ 4

*In re Macquarie Bank Ltd.*,
No. 2:14-cv-0797-GMN-NJK, 2014 WL 7706908 (D. Nev. June 4, 2014) ........ 6

*Med. Inc. Ass'n Smile Create*,
547 F. Supp. 3d 894 (N.D. Cal. 2021) ........ 8

*Mees v. Buiter*,
793 F.3d 291 (2d Cir. 2015) ........ 9

*In re N. Am. Potash, Inc.*,
No. 12-20637, 2012 WL 12877816 (S.D. Fla. Nov. 19, 2012) ........ 7

*In re Natco Pharma (Canada), Inc.*,
No. 21-MC-80216, 2022 WL 3650737 (N.D. Cal. Aug. 24, 2022) ........ 5

*In re Okamoto*,
No. 23-MC-80321-RFL, 2024 WL 1091356 (N.D. Cal. Jan. 10, 2024) ........ 1

*In re P.T.C. Prod. & Trading Co., AG*,
No. 1:20-MC-00032-MR-WCM, 2020 WL 7318100 (W.D.N.C. Dec. 11, 2020) ........ 7

*In re Path Network, Inc.*,
703 F. Supp. 3d 1046 (N.D. Cal. 2023) ........ 1, 6, 8

*In re Procter & Gamble*,
334 F. Supp. 2d 1112 (E.D. Wis. 2004) ........ 8

*In re Republic of Ecuador*,
No. 10-80225, 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) ........ 10

*In re Republic of Ecuador*,
No. C-10-80225, 2010 WL 4973492 (N.D. Cal. Dec. 1, 2010) ........ 1

*In re Rigby*,
No. 13-0271, 2013 WL 622235 (S.D. Cal. Feb. 19, 2013) ........ 10

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
376 F.3d 79 (2d Cir. 2004) ........ 4

*In re Servicio Pan Americano de Proteccion, C.A.*,
354 F. Supp. 2d 269 (S.D.N.Y. 2004) ........ 6

*Siemens AG v. W. Digital Corp.*,
No. 8:13-CV-01407-CAS, 2013 WL 5947973 (C.D. Cal. Nov. 4, 2013) ........ 6

*Super Vitaminas, S.A.*,
Misc. Action No. 17-80125-SVK, 2017 WL 5571037 (N.D. Cal. Nov. 20, 2017) ....................4

*In re Varian Med. Sys. Int'l AG*,
No. 16-80048, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ............................................6, 9

*ZF Auto. US, Inc. v. Luxshare, Ltd.*,
596 U.S. 619 (2022)..............................................................................................................5

**Statutes**

28 U.S.C. § 1782 ............................................................................................... *passim*

28 U.S.C. § 1782(a) ............................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 26 ...............................................................................................................9

Fed. R. Civ. P. 26(b)(1)........................................................................................................9

## I. INTRODUCTION

Under 28 U.S.C. § 1782 ("Section 1782"), interested parties, such as Applicant Sandoz Canada Inc. ("Sandoz," "Applicant," or "Petitioner"), may obtain discovery from third parties located within the United States for use in foreign legal proceedings. This Court has routinely granted similar applications pursuant to Section 1782. *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1077 (N.D. Cal. 2023); *In re Al-Baldawi*, No. 5:22-mc-80329-EJD, 2023 WL 3603731, at *4 (N.D. Cal. May 23, 2023); *In re Consultants*, No. 16-mc-80118-JSC, 2016 WL 3124609, at *4 (N.D. Cal. June 3, 2016); *In re Republic of Ecuador*, No. C-10-80225, 2010 WL 4973492, at *10 (N.D. Cal. Dec. 1, 2010); *HRC-Hainan Holding Co., LLC v. Yihan Hu,* No. 19-MC-80277-TSH, 2020 WL 906719, at *15-16 (N.D. Cal. Feb. 25, 2020); *In re Okamoto*, No. 23-MC-80321-RFL, 2024 WL 1091356, at *2 (N.D. Cal. Jan. 10, 2024).

By Sandoz's Application for an Order Pursuant to 28 U.S.C. § 1782 ("Application"), Sandoz seeks specific evidence from Internet Archive in support of litigation in Canada initiated by Aragon Pharmaceuticals, Inc. ("Aragon") and Janssen Inc. ("Janssen")— *Aragon Pharms., Inc. v. Sandoz Can. Inc.*, Court File No. T-9-25 (Can. Fed. Ct.) (filed Jan. 2, 2025) (the "Canadian Litigation")— alleging infringement of Canadian Patent No. 2,885,415 (the "'415 Patent"). Swope Decl. Ex. 2. As alleged in the Canadian Litigation, Sandoz provided Janssen with a letter dated November 20, 2024, stating that Sandoz filed an abbreviated new drug submission ("ANDS") (the "Sandoz Product"). *Id.* at ¶ 6. Aragon and Janssen responded by filing suit pursuant to subsection 6(1) of the *Patented Medicines (Notice of Compliance) Regulations*. *Id.* at ¶ 1(a). Specifically, Aragon and Janssen claim that Sandoz will infringe and will induce infringement of claims 1, 2, 4-6, 8, 9, 11, 27-30, 32, 33, 35, 49-53, 55, 56, 65-69, 71, 72, 81-85, 87, 88, 97-101, 103, and 104 (the "Asserted Claims") of the '415 Patent. *Id.*

By this Application, Sandoz seeks evidence for use at trial that will support its defenses in the Canadian Litigation. Specifically, the requested evidence is intended to allow Sandoz to establish the publication date of certain prior art, which will enable Sandoz to establish viable defenses in the Canadian Litigation, such as invalidation of the '415 Patent. Internet Archive previously provided an affidavit concerning the relevant Wayback Machine records (Swope Decl. Ex. 7), and the subsequent Letter of Request sought by Sandoz (Swope Decl. Ex. 8) seeks only a narrowly tailored request for a

single Internet Archive representative to appear remotely for no more than 1 hour, produce that previously executed affidavit, and testify solely concerning the affidavit and the authenticity of the archived materials already attached to it. Sandoz seeks this correspondingly narrow requested evidence pursuant to that Letter of Request to obtain sworn testimony from an Internet Archive representative concerning that affidavit and the authenticity of its attachments, so that Sandoz may present the evidence in an admissible form at trial in the Canadian Litigation.

Sandoz's Application satisfies each of the statutory requirements of Section 1782: (1) The Respondent, Internet Archive, is found within the Northern District of California, (2) the evidence Sandoz seeks will be used in litigation in Canada, and (3) Sandoz is an interested person because it is a party to and defendant in the Canadian Litigation.

The discretionary factors courts apply when considering Section 1782 applications also weigh strongly in favor of granting Sandoz's Application. The evidence sought is not within the jurisdictional reach of the court in Canada because Internet Archive is not a party to the Canadian Litigation, the court in the Canadian Litigation is expected to receive into evidence the information obtained by the proposed subpoena (Swope Decl. Ex. 1), Sandoz's Application does not conceal any attempt to circumvent any proof-gathering restrictions or other policies of Canada or the United States, and the proposed subpoena does not contain any unduly intrusive or burdensome requests.

Accordingly, Sandoz respectfully requests that the Court grant this Application.

## II. BACKGROUND

### A. Sandoz Is a Leading Pharmaceutical Company in a Fiercely Competitive Market.

Sandoz is a leading pharmaceutical company incorporated under the laws of Canada. Swope Decl. Ex. 2 at ¶ 5. Sandoz manufactures, imports, markets, and sells generic pharmaceutical products in Canada. *Id.* The Sandoz Product is an apalutamide product to help treat prostate cancer. *Id.* at ¶¶ 6–7. Competing alongside Janssen's drug ERLEADA® (*Id.* at ¶¶ 6–7, 10), Sandoz's Product is a cost-efficient product available to patients.

### B. Aragon and Janssen Filed the Canadian Litigation Alleging Infringement of the

**’415 Patent.**

On January 2, 2025, Aragon and Janssen commenced an action against Sandoz. *Id.* The action alleges that Sandoz will infringe, and will induce infringement of, the Asserted Claims of the ’415 Patent. *Id.* at ¶ 1(a). Aragon owns the ’415 Patent. *Id.* at ¶ 3. The ’415 Patent is titled “Anti-androgens for the treatment of non-metastatic castrate-resistant prostate cancer.” *Id.* at ¶ 14. Janssen markets and sells the branded drug ERLEADA®, which contains the active ingredient apalutamide. *Id.* at ¶¶ 4, 10. The ’415 Patent was filed on September 23, 2013, and issued on June 29, 2021. *Id*. at ¶¶ 14-15. Aragon and Janssen have alleged that the ’415 Patent will remain in full force and effect until September 23, 2033. *Id*. at ¶ 15.

Sandoz denies infringement and challenges the validity of the asserted claims. Swope Decl. Ex. 4 at ¶ 6. Sandoz’s invalidity defense is central to its case. *Id*.

### C. Sandoz Requires Evidence from the Internet Archive to Support Its Invalidity Defense.

Counsel for Sandoz in the Canadian Litigation has advised me that Sandoz requires evidence at trial from the Internet Archive. *See also* Swope Decl. Ex. 4 at ¶ 8. The Internet Archive is located at 300 Funston Avenue, San Francisco, California. Swope Decl. Ex. 5. On information and belief, the Internet Archive possesses information relevant to invalidate the ’415 Patent. Swope Decl. Ex. 4 at ¶¶ 6, 8-9. On information and belief, the evidence Sandoz seeks through this Application is significant to Sandoz’s invalidity defense in the Canadian Litigation.

The Internet Archive is not a party to the Canadian Litigation. Swope Decl. Ex. 2. On June 8, 2026, the Federal Court of Canada dismissed Sandoz’s prior motion for a Letter of Request. Swope Decl. Ex. 3 at ¶ 8. The Court relied on an Internet Archive employee’s statement that he was willing to attend trial. *Id*. The employee stated he “is willing to attend the trial remotely by videoconference or to attend a local in-person examination.” *Id*. Sandoz now seeks to compel the Internet Archive’s attendance through this *ex parte* Application under 28 U.S.C. § 1782.

On July 20, 2026, the Federal Court of Canada granted Sandoz’s second motion for a Letter of Request, and directed the issuance of the Letter of Request (*see* Swope Decl. Ex. 8) that Sandoz now seeks to enforce. In doing so, the Canadian court made a number of factual findings that bear directly

on this Application: that Sandoz's first motion had been dismissed only because an Internet Archive employee initially agreed to attend trial; that the Internet Archive has since ceased responding to Sandoz's repeated communications; and that this unforeseen change in circumstances constitutes good grounds to conclude that the witness cannot or will not attend the Canadian trial. *See* Swope Decl. Ex. 9 at ¶¶ 3, 10, 18, 19, 21.

## III. ARGUMENT

28 U.S.C. § 1782 provides, in relevant part, that:

> The district court of the district in which a person resides or is found may order him to give testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

Courts should freely grant applications for judicial assistance under 28 U.S.C. § 1782 in the interest of justice and comity. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 261 (2004) ("*Intel*"). "A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. 08-05124, 2009 WL 88348, at *2 (N.D. Cal. Jan. 13, 2009) (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

### A. Sandoz's Application Fulfills the Three Statutory Requirements of Section 1782.

To obtain evidence in aid of a foreign litigation, three statutory requirements of Section 1782 must be met: (1) the person from whom evidence is sought must reside or be found in the district where the application is made; (2) the information sought must be "for use in a proceeding in a foreign or international tribunal"; and (3) the petitioner must be an "interested person" in the foreign proceeding. 28 U.S.C. § 1782; *see also Intel*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). Each of these requirements is satisfied here.

*First*, Internet Archive "resides or is found" in this District. Internet Archive is located at 300 Funston Avenue, San Francisco, California 94118. Swope Decl. Ex. 5. This Court has held that a legal

entity with an office in a district "resides or is found" in the district. *See In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (holding that corporate entities were found in the district because they maintained "in-district offices"); *Super Vitaminas, S.A.*, Misc. Action No. 17-80125-SVK, 2017 WL 5571037, at *2 & n.1 (N.D. Cal. Nov. 20, 2017) (holding that a corporate entity was found in the district because it "operate[d two] corporate sales offices" there); and *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, Misc. Action No. 16-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (holding that a corporate entity was found in the district because it "maintain[ed] an office in th[e] district").

*Second*, the evidence Sandoz seeks is "for use in a proceeding in a foreign or international tribunal," specifically the Canadian Litigation. The Supreme Court has held that, in the context of § 1782, "a 'foreign tribunal' is one that exercises governmental authority conferred by a single nation." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633 (2022). The Canadian Litigation was filed in the Federal Court of Canada. Federal Court of Canada – FCT-CF.CA. This Court has recognized the Federal Court of Canada as a qualifying "foreign tribunal" under Section 1782. *In re Natco Pharma (Canada), Inc.*, No. 21-MC-80216, 2022 WL 3650737, at *2 (N.D. Cal. Aug. 24, 2022).

*Third*, as a litigant in the Canadian Litigation, Sandoz is an "interested person" for purposes of Section 1782. *See Intel*, 542 U.S. at 256 (litigants to foreign proceeding for which discovery is sought are "included among, and maybe the most common example of, the 'interested person[s]' who may invoke § 1782").

**B. Sandoz's Requested Evidence Satisfies Section 1782's Discretionary Factors.**

In addition to the three statutory requirements, district courts weigh four discretionary factors in determining whether to grant a request under Section 1782: (1) whether the person from whom evidence is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign government or court to U.S. federal-court judicial assistance; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the evidence requests are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. Again, here, each of these factors favors granting the Application.

**1. Internet Archive is not a participant in the Canadian Litigation.**

The first *Intel* factor asks whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 265. If the party is *not* a participant in the foreign proceeding, then this factor weighs in favor of granting an application for obtaining evidence under Section 1782 because the non-participant may be outside the foreign tribunal's jurisdictional reach and "their evidence, available in the United States, may be unobtainable absent Section 1782(a) aid." *Id.* at 264.

Here, Internet Archive is not a party to the Canadian Litigation. Swope Decl. Ex. 2. Further, Canadian courts cannot compel testimony from nonparties such as Internet Archive located outside of Canada. *See In re Path Network, Inc.*, 703 F. Supp. 3d at 1062 ("Accordingly, it appears the Canadian Court lacks authority or jurisdiction to compel discovery from Discord."). Courts have found that—even where the respondent is a participant in the foreign litigation—if "the foreign tribunal's procedural rules may not allow for the discovery sought, this factor militates in favor of granting § 1782 relief." *In re Macquarie Bank Ltd.*, No. 2:14-cv-0797-GMN-NJK, 2014 WL 7706908, at *3 (D. Nev. June 4, 2014) (citing *In re Servicio Pan Americano de Proteccion, C.A.*, 354 F. Supp. 2d 269, 274-75 (S.D.N.Y. 2004)).

This factor accordingly weighs strongly in favor of allowing Sandoz to obtain the limited evidence it seeks from Internet Archive through this Application.

**2. The Canadian court would accept the evidence Sandoz seeks from Internet Archive.**

The second *Intel* factor also favors granting the Application. Under this factor, courts evaluate the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 244. This factor "focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys. Int'l AG*, No. 16-80048, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (citation omitted). "[W]hen evaluating whether foreign tribunals would accept U.S. assistance, courts look for authoritative proof that a foreign tribunal would *reject*

evidence obtained with the aid of Section 1782." *Siemens AG v. W. Digital Corp.*, No. 8:13-CV-01407-CAS, 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013) (quotation marks and citation omitted).

It is well-settled in this District and others that the Canadian courts are receptive to evidence obtained through Section 1782 proceedings. *See In re Al-Baldawi*, 2023 WL 3603731, at *3 ("Canadian courts have said they 'generally will be reluctant to prevent someone from gathering evidence extraterritorially, as its ultimate admissibility in a Canadian proceeding will be determined by the Canadian courts.'"); *In re Path Network, Inc.*, 703 F. Supp. 3d at 1063 (finding "the nature of the Canadian Court is such that it is unlikely to object to judicial assistance from a U.S. District Court . . . ."); *In re Consultants*, 2016 WL 3124609, at *3 (finding the "Canadian Court is receptive to the assistance of United States District Courts . . . ."); *In re H.M.B. Ltd.*, No. 17-21459, 2018 WL 4778459, at *10 (S.D. Fl. July 2, 2018) ("[S]ome courts have already recognized that Canadian courts are generally receptive to § 1782 discovery."); *In re N. Am. Potash, Inc.*, No. 12-20637, 2012 WL 12877816, at *7 (S.D. Fl. Nov. 19, 2012) ("[T]his Court's review of Canadian case law demonstrates a receptiveness to U.S. judicial assistance."). Indeed, the Federal Court of Canada itself previously dismissed Sandoz's motion for a Letter of Request to obtain evidence from the Internet Archive, because at that time an employee of the Internet Archive agreed to testify. Swope Decl. Ex. 3 at ¶ 8. And now, the Canadian court has since granted Sandoz's renewed motion and directed the issuance of the Letter of Request that Sandoz asks this Court enforce, confirming that the Canadian court affirmatively seeks this Court's assistance. *See* Swope Decl. Ex. 9 at ¶¶ 19, 21.

Since the Canadian court presiding over the Canadian Litigation is receptive to discovery obtained through Section 1782 proceedings, this factor weighs in favor of granting the Application.

**3. Sandoz does not seek to circumvent Canadian proof-gathering restrictions or public policy.**

The third *Intel* factor considers "whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.'" *In re 840 140th Ave.*, 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel*, 542 U.S. at 264–65). This factor also favors granting the Application.

The "circumvention" discretionary factor under *Intel* "entails neither a discoverability requirement nor a quasi-exhaustion requirement . . . that would force litigants to seek information through the foreign or international tribunal before requesting discovery from the district court." *In re P.T.C. Prod. & Trading Co., AG*, No. 1:20-MC-00032-MR-WCM, 2020 WL 7318100, at *3 (W.D.N.C. Dec. 11, 2020) (internal citations and quotation marks omitted); *see also In re ex parte Lee-Shim*, No. 5:13-MC-80199-LHK-PSG, 2013 WL 5568713, at *2 (N.D. Cal. Oct. 9, 2013) ("Section 1782 does not require the documents sought to be discoverable in the foreign courts."). Rather, courts applying this factor focus on "whether an applicant seeks in bad faith to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.*, at *2.

The Supreme Court has held that a party may use a Section 1782 application to seek more discovery than would otherwise be available through foreign discovery mechanisms without running afoul of the third factor. *See Intel*, 542 U.S. at 260 (holding that, absent a claim of privilege, Section 1782 does not "limit[] a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there"); *see also, e.g.*, *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-MC-80215-WHO(TSH), 2020 WL 820327, at *5 (N.D. Cal. Feb. 19, 2020) (finding "[t]he fact that more evidence may be obtained via a § 1782 application than via the foreign discovery procedures does not amount to circumvention and does not militate against approval of the application"); *In re Procter & Gamble*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004) (finding requested discovery was not an attempt to circumvent foreign proof-gathering restrictions even though its scope was greater than would otherwise be available in Japanese discovery). Similarly, prior unsuccessful attempts to obtain discovery in foreign litigation also do not run afoul of the third factor. *In re Path Network, Inc.*, 703 F. Supp. 3d at 1064 ("Here, the record of the proceedings in the Canadian lawsuit demonstrates that Applicants pursued proof-gathering procedures in Canada extensively before filing the instant Application . . . . Accordingly, the Court concludes that Applicants' discovery request here is not an improper attempt to undermine the Canadian Court or its policies or proof-gathering restrictions."); *see also In re Beldi*, No. 24-MC-00421, 2025 WL 4954355, at *8 (S.D.N.Y. Oct. 22, 2025) (noting that third factor cuts away from

granting the subpoena only when the requested documents are not obtainable and the Applicants have "engaged in a bad faith endeavor to misuse Section 1782.").

Nothing in the Application would circumvent any proof-gathering restriction of the Canadian court. The Canadian court initially denied the request because, at that time, an employee of the Internet Archive indicated his willingness to attend the trial remotely. Swope Decl. Ex. 3 at ¶ 8. The mere fact that the Canadian court denied the request on non-substantive grounds does not raise concerns for this factor. *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) ("Courts have found this factor weighs in favor of discovery where there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions.'"). Additionally, as described in Section II.C *supra*, The Canadian court has since granted Sandoz's second request to issue the Letter of Request due to unforeseen changes in circumstances, which constitute good grounds to conclude that the witness cannot or will not attend the Canadian trial. *See* Swope Decl. Ex. 9 at ¶¶ 3, 10, 18, 19, 21. Thus, Sandoz has invoked, rather than seeks to circumvent, the Canadian court's own proof-gathering procedures.

Sandoz seeks only to have Internet Archive turn over responsive materials and/or testimony related to the publication date of prior art to be used in the ordinary course in the Canadian Litigation. As such, this factor also weighs in favor of granting Sandoz's Application.

**4. Sandoz's proposed subpoena is not unduly burdensome.**

The fourth *Intel* factor also favors granting the Application. This factor asks "whether the request is 'unduly intrusive or burdensome.'" *In re 840 140th Ave.*, 634 F.3d at 571 (quoting *Intel*, 542 U.S. at 264-65). This factor is evaluated under "the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015); *see also In re Varian*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *5 ("The proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure."). The Federal Rules require discovery to be "'proportional' 'considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

The evidence that Sandoz seeks is highly probative of its patent infringement defense and is neither unduly intrusive nor burdensome. Indeed, Sandoz's subpoena is narrowly tailored both in terms of scope and time, and seeks only the sort of information that parties routinely seek in the context of patent infringement litigation. *See* Swope Decl. Ex. 1. This information is directly relevant to the Canadian Litigation. Specifically, such documents would support Sandoz's claims that the '415 Patent is invalid because of prior art.

As for "the parties' relative access to relevant information," there can be no dispute that Internet Archive has greater access to the critical information about the reliability of archived web pages on its website than do either of the parties to the Canadian Litigation. Thus, this factor weighs in favor of granting the Application.

**5. The principles underlying Section 1782 weigh in favor of granting Sandoz's Application.**

Finally, in addition to the above four factors, the Court may also consider the overarching principles of Section 1782. "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel*, 542 U.S. at 247. Although this legislation has undergone many amendments, these amendments have steadily and consistently moved the legislation in the singular direction of providing more, not less, discovery for use in more, not fewer, judicial and quasi-judicial forums in connection with more, not fewer, types of proceedings. *See Id.* at 248-49. Applying these factors and considering the overarching principles behind the statute, this Court should exercise its discretion and permit Sandoz to obtain the evidence it seeks from Internet Archive by granting the Application.

**C. The Application Should Be Granted *Ex Parte*.**

Applications under Section 1782 typically are brought *ex parte*. *In re Societe d'Etude de Realisation et d'Exploitation pour le Traitement du Mais*, No. 13-80261, 2013 WL 6141655, at *1 (N.D. Cal. Nov. 21, 2013) ("Ex parte applications are appropriate for seeking discovery pursuant to § 1782."). If the petitioner shows that its application meets the three statutory factors and the discretionary factors weigh in the petitioner's favor, district courts will typically authorize service of the subpoena. *See, e.g.*, *In re Rigby*, No. 13-0271, 2013 WL 622235, at *3 (S.D. Cal. Feb. 19, 2013)

(granting ex parte Section 1782 application); *In re Futurecorp Int'l Pty Ltd.*, No. 12-80267, 2012 WL 5818288, at *1 (N.D. Cal. Nov. 15, 2012) (same); *In re Republic of Ecuador*, No. 10-80225, 2010 WL 3702427, at *2-3 (N.D. Cal. Sept. 15, 2010) (same); *Cryolife*, 2009 WL 88348, at *5 (same). If the respondent objects, it may bring a motion to quash or motion for a protective order. *See In re Republic of Ecuador*, 2010 WL 3702427, at *2-3.

Here, Sandoz has demonstrated that the three statutory factors are satisfied, and the four discretionary factors weigh in favor of granting the Application. Additionally, the nature of the claims and the possibility of serious harm stemming from Aragon's and Janssen's patent infringement allegations further supports granting the Application on an expedited *ex parte* basis to provide Sandoz with the information it needs to establish the date of relevant prior art. Furthermore, trial in the Canadian Litigation is scheduled to begin on August 17, 2026, leaving precious little time for the U.S. process to be completed, which underscores the urgency of expedited relief. Thus, the Court should grant the Application *ex parte*.

## IV. CONCLUSION

Because the statutory requirements of Section 1782 are satisfied, and the four discretionary factors all weigh in favor of granting the Application, this Court should exercise its discretion to grant the Application and permit Sandoz to serve the subpoena attached as Exhibit 1 to the Application. *See Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002), *aff'd*, 542 U.S. 241 (2004) ("[A]llowance of liberal discovery seems entirely consistent with the two aims of Section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.").

Dated: July 21, 2026

Winston Taylor LLP

By: */s/ Carson Swope*

CARSON SWOPE (State Bar No. 353352)
Carson.Swope@winstontaylor.com
**WINSTON TAYLOR LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

Attorney for Petitioner Sandoz Canada Inc.