Court File No. T-9-25

**FEDERAL COURT**

BETWEEN:

**ARAGON PHARMACEUTICALS, INC.
and JANSSEN INC.**

Plaintiffs/Defendants by Counterclaim/
Responding Parties

and

**SANDOZ CANADA INC.**

Defendant/Plaintiff by Counterclaim
Moving Party

**AFFIDAVIT OF CARSON SWOPE
(Affirmed June 22, 2026)**

I, Carson Swope, of the City of Redwood City, in the State of California, United States, MAKE OATH AND SAY AS FOLLOWS:

1. I am an associate and practicing attorney at Winston Taylor (previously under the name of Winston & Strawn LLP prior to the recent merger of Winston & Strawn and Taylor Wessing in June 2026), an international law firm with locations in the United States, Europe, the United Kingdom, Latin America and the Middle East.

2. I practice at the Winston Taylor office located at the following address: 255 Shoreline Drive, Suite 520, Redwood City, CA 94065. I am admitted to practice in the State of California. My credentials include a Juris Doctor degree from Santa Clara University School of Law. My practice primarily involves intellectual property

litigation. I do not maintain a current curriculum vitae, and therefore a copy of my firm profile from the Winston Taylor website is attached as **Exhibit "A"** to my affidavit.

3. To the best of my knowledge, information, and belief, I understand the rules governing the conduct of litigation before the United States District Court for the Northern District of California (the "United States District Court"). I have been involved in patent litigations involving various subject matters such as computer software and hardware. I have also been involved in matters relating to Letters of Request (also known as, "Letter Rogatory"), in particular including those filed with the United States District Court for the Northern District of California, for example, Case No. 3:25-mc-80299-JCS (a copy my declaration filed in that proceeding, not including the exhibits, is attached as **Exhibit "B"** to my affidavit). The matters to which I depose in this affidavit are either within my own knowledge in which case they are true or have been derived from information I have been given or documents I have read in which case they are true to the best of my knowledge, information, and belief.

4. I have read and agreed to be bound by the Code of Conduct for Expert Witnesses set out in the schedule to the *Federal Courts Rules* ("Code of Conduct"). Attached as **Exhibit "C"** to my affidavit is a copy of my Certificate Concerning the Code of Conduct, which I signed on June 19, 2026, along with a copy of the Code of Conduct. Counsel for Sandoz Canada Inc., Sprigings Intellectual Property Law ("Counsel for Sandoz"), has explained to me that I, as an expert witness providing this affidavit for use as evidence, have an overriding duty to assist the Court impartially,

not as an advocate for a party. I have no personal nor financial interest in the outcome of this case. Prior to providing this affidavit, I have not acted for Sandoz Canada Inc. or any other Sandoz entity. I understand that some other lawyers at Winston Taylor have acted on behalf of Sandoz Inc. in the U.S., but those retainers have no effect on the content of my affidavit or on my overriding duty to the Court as set out in the Code of Conduct.

**Retainers**

5. Counsel for Sandoz has asked me to advise, in respect of the "Letter of Request" currently sought by Sandoz before the United States District Court for the Northern District of California with respect to the Internet Archive, an organization located at 300 Funston Avenue, San Francisco, CA 94118:

> (1) Assuming that the Federal Court of Canada issues the Letter of Request by Monday, July 13, 2026, or shortly thereafter, whether or not there is likely sufficient time between then and August 17, 2026, or alternatively between then and September 4, 2026, for the process in the United States to be completed.

**Background**

6. I understand that the underlying action between the parties, Court File No. T-9-25, involves a Canadian patent in a pharmaceutical patent litigation suit in relation to Sandoz's proposed apalutamide product.

7. I have also reviewed the affidavit of my colleague Ms. Maureen Rurka dated May 8, 2026 (including the exhibits) concluding the following:

(1) there is a means such as by Title 28 of the United States Code and the Federal Rules of Civil Procedure to compel a non-party to attend an examination in the United States; and

(2) there is a reasonable probability that the "Letter of Request" sought by Sandoz will be complied with under the laws of the United States.

8. I have been advised by counsel for Sandoz that a previous motion for a Letter of Request with respect to the Internet Archive was dismissed by the Federal Court of Canada on June 8, 2026 (decision available at https://canlii.ca/t/klcz1) because at that time an employee of the Internet Archive indicated his willingness to attend the trial remotely by videoconference or to attend a local in-person examination, in particular:

> "[12] Sandoz' evidence on the motion includes an affidavit from a law clerk employed by its counsel of record. The affiant attended a telephone call between lawyers at the firm and an employee of the Internet Archive. That employee stated that he "is willing to attend the trial remotely by videoconference or to attend a local in-person examination." There is no qualification to this statement. There is no statement in the affidavit expressing concern that this promise may not be kept. There is nothing to indicate that the individual required further approval from management of the Internet Archive, or that his attendance at trial would be contingent on other events or decisions."

9. Attached hereto and marked as **Exhibit "D"** is a draft "Letter of Request" which has been provided to me by counsel for Sandoz in respect of the Internet Archive.

10. I have been advised by counsel for Sandoz and believe to be true that Sandoz will be seeking issuance of the "Letter of Request" in this form.

**Expected Timing of Enforcing the Letter of Request**

11. As noted above, I was asked by Counsel for Sandoz to advise: assuming that the Federal Court of Canada issues the Letter of Request by Monday July 13, 2026, or shortly thereafter, whether or not there is likely sufficient time between then and August 17, 2026, or alternatively between then and September 4, 2026, for the process in the United States to be completed.

12. From my past experience with Letters of Request submitted to the United States District Court for the Northern District of California, it is often the case that the judge will process the application and issue the subpoena within about a month, provided that the application is not opposed. For example, in Case No. 3:25-mc-80177-JD (a copy of the court docket is attached as **Exhibit "E"** to my affidavit), the district judge granted an unopposed application 12 days after it was filed (application filed on July 3, 2025 and granted on July 15, 2025), and in Case No. 5:24-mc-80263-BLF (a copy of the court docket is attached as **Exhibit "F"** to my affidavit), the district judge granted an unopposed application just 6 days after it was filed (application filed on October 23, 2024 and granted on October 29, 2024).

13. In addition, if a request is made to the District Court to assign a United States Magistrate Judge to handle the matter, it can improve the chance of the matter being processed more expeditiously. In general, a U.S. Magistrate Judge is a federally appointed judicial officer who assists district court judges by handling many procedural and pretrial matters and, in some cases, conducting trials. For example, in Case No. 3:16-mc-80150-JSC (a copy of the court docket is attached as **Exhibit "G"** to my affidavit), the magistrate judge granted an unopposed application just 5 days

after it was filed (application filed on July 15, 2016 and granted on July 20, 2016), and a second motion in the same case was granted 8 days after filing (application filed on November 22, 2016 and granted on November 30, 2016).

14. If the application is opposed by the Internet Archive (which it may or may not be), the procedure and estimated timing is expected to be longer. However, there are still instances where the procedure can be completed within two months. For example, in Case No. 3:25-mc-80217-EJD (a copy of the court docket is attached as **Exhibit "H"** to my affidavit), the magistrate judge dismissed an opposed application 24 days after it was filed (application filed on October 15, 2013 and dismissed on November 8, 2013). In Case No. 25-mc-80299-JCS (a copy of the court docket is attached as **Exhibit "I"** to my affidavit – the case I acted on), the magistrate judge dismissed an opposed application 46 days after it was filed (application filed on September 26, 2025 and dismissed on November 11, 2025). In Case No. 3:10-mc-80324-CRB (a copy of the court docket is attached as **Exhibit "J"** to my affidavit), the magistrate judge granted in part and denied in part an opposed application 54 days after it was filed (application filed on December 30, 2010 and granted in part and denied in part on February 22, 2011). In Case No. 5:13-mc-80167-EJD (a copy of the court docket is attached as **Exhibit "K"** to my affidavit), the magistrate judge granted an opposed application 74 days after it was filed (application filed on August 9, 2013 and granted on October 22, 2013).

15. From July 13 to September 4, 2026, in my experience, the United States District Court for the Northern District of California would process files submitted to the Court at its regular pace. The Court does not observe a general summer holiday.

16. Generally, although there will likely be some variations in the exact timing between each matter, there is a reasonable likelihood that the process in the United States can be completed by August 17, 2026 (or alternatively by September 4, 2026 as it would be even more likely to be successful given the extra 2-3 weeks).

**Conclusions**

17. As explained above, in my professional experience and judgment, in respect of the "Letter of Request" sought by Sandoz:

(1) Assuming that the Federal Court of Canada issues the Letter of Request by Monday, July 13, 2026, or shortly thereafter, there is a reasonably good chance for the process in the United States to be completed between then and August 17, 2026, or alternatively between then and September 4, 2026.

**Affirmed** remotely by Carson Swope in the City of San Francisco, in the State of California, this 22nd day of June, 2026 in accordance with O. Reg 431/20 (Administering Oath or Declaration Remotely)

Commissioner for Taking Affidavits
Nathaniel Dillonsmith, LSO# 66255P
Commissioned remotely from Toronto, Ontario

CARSON SWOPE